IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 62,601-01






EX PARTE DANIEL J. GRUENFELDER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM DALLAS COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of Aggravated Sexual Assault, and punishment was assessed at fifty years
confinement. Applicant's conviction was affirmed on appeal. Gruenfelder v. State, No. 08-02-00149-CR, 2003 Tex. App. LEXIS 8893 (Tex. App. --El Paso, delivered October 16,
2003, pet. ref'd).

 Among other allegations, Applicant contends that he received ineffective assistance
of counsel.

 While on July 8, 2005, the trial court signed an order designating issues, the trial court
has not yet entered findings of fact or conclusions of law. We believe that Applicant has
alleged facts that, if true, might entitle him to relief. Therefore, it is this Court's opinion that
additional facts need to be developed and because this Court cannot hear evidence, the trial
court is the appropriate forum. The trial court may resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from defense counsel, or it may order a hearing. In the appropriate case the
trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant received ineffective assistance of counsel. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 15TH DAY OF FEBRUARY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.